LAW OFFICES OF
**CASCIONE PURCIGLIOTTI & GALLUZZI, P.C.**
274 WHITE PLAINS ROAD, SUITE 6
EASTCHESTER, N.Y. 10709
(914) 961-1263
Facsimile: (888) 336-4813



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/21

ROBERT PURCIGLIOTTI
THOMAS G. CASCIONE☐
MICHAEL J. GALLUZZI∗

KELLY L. MURTHA

☐NEW YORK AND FLORIDA
∗NEW YORK AND CONNECTICUT

NYC OFFICE
Workers Comp., Disability and Zadroga (9/11) Claims
30 VESEY STREET: 15TH FLOOR
NEW YORK, NEW YORK 10007
(212) 964-9640
Facsimile: (212) 406-2857

February 9, 2021

Honorable Barbara Moses, Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**MEMO ENDORSED**

MOUSTAPHA MAGASSOUBA v. CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C.,
THOMAS G. CASCIONE, MICHAEL J. GALLUZZI, KELLY L. MURTHA and ROBERT A.
PURCIGLIOTTI
Docket No.: 1-20-cv-10996-PAE-BCM;

Dear Judge Moses,

      Our firm and its member attorneys are the self-represented defendants in this case. We have a pre-answer letter motion which was before Judge Englemeyer seeking his leave to move to dismiss before we supply an answer but it subsequently was referred to you. That is fine with defendants but I had thought the Pro Se plaintiff needed to consent to having you decide a dispositive motion. In any case we also are scheduled for our initial conference before you on February 18.

      Normally we would have already filed an answer and consulted with plaintiff in order to draft a joint pre-trial order however we feel strongly that the case is not viable and our motion should be heard first. The issues are "res judicata" as the plaintiff's same claims were dismissed in New York County Supreme Court which was upheld in the Appellate Division and cert. denied in the Court of Appeals. The case is also extremely time barred as we have not represented Mr. Magassouba since 2009.

      There is another problem in that none of us are comfortable speaking with Mr. Magassouba. In 2003 while we were representing him in Bronx Supreme Court in a "false arrest" and "civil rights" civil claim he was again arrested by Federal officers and was charged in the Southern District and convicted of a narcotics conspiracy resulting in nearly a decade of

incarceration. During his incarceration he spent a long period in a psychiatric facility and was deemed for a time incompetent to stand trial.

Since he first sued us in 2018 he has accused us repeatedly (in writing) of being in some sort of corrupt plot with the judiciary to deny him his civil rights. He becomes agitated when speaking to me or to the court in my presence. Mr. Magassouba also has a bad habit of serving his own process despite being told that such is not legitimate service. As a result he has shown up unexpected several times at our NYC office.

I am not concerned for myself particularly since we have practiced exclusively from our Westchester office since the pandemic. My partner Robert Purcigliotti however is in his 80's and is alone with his secretary in our Vesey Street office. I do not want to stir up an encounter with Mr. Magassouba. I am requesting that we defer any activity on this case until the court decides on the merits of our request to dismiss.

Thank you for your time and attention,

Respectfully submitted this 9th day of February 9, 2021,

Very truly yours,

**Cascione Purcigliotti and Galluzzi P.C.**

Thomas G. Cascione
TGC-4596

TGC/srp

cc:  Moustapha Magassouba
     Plaintiff Pro Se
     128 West 128 St. Apt 4G,
     New York, NY 10027

---

This action has been referred to me for general pretrial management, including, inter alia, scheduling and non-dispositive motions. On January 25, 2021, I issued a scheduling order (Dkt. No. 11) giving defendants a deadline for their anticipated motion to dismiss. For avoidance of doubt: that order suspends defendants' obligation to answer until such time as the motion is decided. I also set the initial case management conference for February 18, 2021. In light of plaintiff's pro se status, I did not require a formal meet and confer nor the filing of a joint proposed pretrial order in advance of the conference. While not unsympathetic to defendants' safety concerns, I am not willing to dispense with the conference entirely, particularly since it will be conducted remotely. Only one attorney need attend the conference (by telephone) on behalf of the defendants, so long as that attorney has appeared or will appear as counsel of record for each such defendant. SO ORDERED.

Barbara Moses, U.S.M.J.
February 11, 2021